# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**CHRISTINE RITCHIE,**

    *Appellant,*

v.

**LAVI, CEDRONE, GRAVER, BOYD & DISIPIO,** *et al.*,

    *Appellees.*

**Case No. 24-1911**

**Defendant-Appellee LinkedIn Corporation's Informal Response Brief**

Pursuant to Local Rule 34(b) of the U.S. Court of Appeals for the Fourth Circuit's Local Rules, Defendant-Appellee LinkedIn Corporation respectfully submits this informal response to Plaintiff-Appellant Christine Ritchie's Informal Opening Brief.

On November 14, 2023, Ms. Ritchie filed the initial Complaint in this action (Dist. Ct. ECF No. 1), which "allege[d] that over the course of a twenty-two-year period, Defendants endangered and slandered her, and violated her right to privacy, equality before the law, freedom from torture, due process, and right to life and work." *See* Dist. Ct. ECF No. 10 at 1. Ms. Ritchie identified 15 named Defendants, and another 100 "Doe" Defendants. *Id.* The U.S. District Court for the District of Maryland (The Honorable Paula Xinis) dismissed the initial Complaint, but allowed Ms. Ritchie an opportunity to amend. *See id.* at 2 (explaining that "[t]he Complaint here suffers from a basic lack of coherence," "allege[s] constitutional and common law violations . . . in conclusory fashion," and "string[s] together a series of allegations unrelated to one another."). Ms. Ritchie then filed an Amended Complaint, which, as the District Court put it, "largely mirror[ed] the original Complaint." *See* Dist. Ct. ECF No. 121 at 2.

The District Court granted LinkedIn's motion to dismiss, reasoning that Ms. Ritchie had failed to "make a prima facie showing of personal jurisdiction." *See id.* at 4 (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334

1

F.3d 390, 396 (4th Cir. 2003)). This appeal followed. As to LinkedIn, Ms. Ritchie cites two supposed legal errors: (1) a purported error by the District Court in granting LinkedIn's motion to dismiss and (2) a purported error by the District Court in "not responding to plaintiff's urgent letters." [*]

To begin, the District Court did not err in dismissing LinkedIn from this action on jurisdictional grounds. *See* Informal Opening Br. at 1. In its well-reasoned opinion, the District Court concluded that LinkedIn is "domiciled in . . . California" and the Amended Complaint's "allegations are so barebones that the Court cannot discern where the alleged misconduct took place." In the absence of such information, the District Court reasoned, Ms. Ritchie had not plausibly pleaded that the District Court could exercise personal jurisdiction over LinkedIn.

This decision was correct as a matter of law: the Amended Complaint simply did not include <u>any</u> allegations about LinkedIn's activities in the State of Maryland. While Ms. Ritchie asserts in conclusory fashion that "Linkedin gave Keen venue to slander plaintiff," she does not offer any argument as to why the

---

[*] Ms. Ritchie also asserts that the District Court committed reversible error by "ignoring the lack of response of Frederick Police" as to a particular allegation in the Amended Complaint, by "not serving Spring Harbor, Martha Keen, and Michael Scott Large" and by not recognizing as Defendants "Stephen Moore and Bill Murphy." *See* Informal Opening Br. at 6–7. None of these arguments are relevant to LinkedIn. Ms. Ritchie also laments that she "inexplicably has been denied counsel." But of course, "[c]ivil litigants have no protected right to counsel." *Green v. Potter*, 80 F. App'x 294, 295 (4th Cir. 2003) (unpublished).

2

District Court's jurisdictional ruling was legally flawed. *See* Informal Opening Br. at 5.

Moreover, although the District Court did not reach the merits of the allegations in the Amended Complaint, this Court could affirm dismissal for any of the merits-based reasons asserted by LinkedIn below. *See Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 75 n.13 (4th Cir. 2016) ("In our review, we may affirm on any grounds supported by the record, notwithstanding the reasoning of the district court."). LinkedIn previously argued that Ms. Ritchie's claims were time-barred and barred by the Communications Decency Act, 47 U.S.C. § 230, and that she had failed to plead sufficient facts to support any of her claims. *See generally* Dist. Ct. ECF Nos. 71, 71-1. LinkedIn incorporates by reference those arguments here, and notes that each offers an additional, independent basis on which this Court could affirm dismissal. *See* **Exhibit A** (LinkedIn Corporation's Memorandum in Support of its Motion to Dismiss).

Ms. Ritchie alternatively argues that the District Court erred by "not responding to plaintiff's urgent letters." *See* Informal Opening Br. at 6. This is plainly not a basis for reversal. *See, e.g.*, *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004) (noting "that district courts have wide-ranging control over management of their dockets").

3

For all these reasons, Defendant-Appellee LinkedIn Corporation respectfully requests that this Court affirm the judgment of the District Court.

Respectfully submitted,

/s/ Brandon K. Wharton
Jared S. Dvornicky
Brandon K. Wharton
GALLAGHER EVELIUS & JONES LLP
218 North Charles Street, Suite 400
Baltimore, Maryland 21201
Phone: (410) 727-7702
Fax: (410) 468-2786
jdvornicky@gejlaw.com
bwharton@gejlaw.com

Date: October 28, 2024

*Counsel for Defendant LinkedIn Corporation*

## Certificate of Compliance

1. This Informal Response Brief complies with the length limit of Federal Rule of Appellate Procedure 32(a)(7) because it contains 756 words.

2. This Informal Response Brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in 14-point Times New Roman, a proportionally spaced typeface, using Microsoft Word.

/s/ Brandon K. Wharton
Brandon K. Wharton

## Certificate of Service

**I HEREBY CERTIFY** that on October 28, 2024, a copy of Defendant-Appellee LinkedIn Corporation's Informal Response Brief was filed electronically and is available on the Court's CM/ECF system and PACER. Notice of this filing will be served upon all counsel of record via CM/ECF.

**I HEREBY FURTHER CERTIFY** that on October 28, 2024, a copy of this Informal Response Brief will be served via first-class mail, postage prepaid on Plaintiff-Appellant Christine Ritchie at her address of record:

> Christine Ritchie
> 26590 Three Notch Road
> Mechanicsville, Maryland 20659

                         /s/ Brandon K. Wharton
                         Brandon K. Wharton

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHRISTINE RITCHIE,**<br><br>  *Plaintiff,*<br><br>v.<br><br>**LAVIN CEDRONE GRAVER BOYD & DISPIO,** *et al.*,<br><br>  *Defendants.* | **Civil Action No. 23-3115-PX** |

**Defendant LinkedIn Corporation's
<u>Memorandum in Support of its Motion to Dismiss</u>**

Defendant LinkedIn Corporation respectfully submits this memorandum in support of its Motion to Dismiss the Amended Complaint filed by Plaintiff Christine Ritchie.

**I.  Background**

  **A. Factual allegations.**[1]

The Amended Complaint alleges that from March 2001 through August 2002, Ms. Ritchie was employed by the Philadelphia-based law firm of Lavin Cedrone Graver Boyd & DiSipio as a paralegal. Am. Compl. ¶ 1. One of Ms. Ritchie's colleagues was co-defendant Martha Keen. *Id.* ¶ 2. Ms. Ritchie alleges that "for reasons

---

[1] LinkedIn notes that Ms. Ritchie proceeds in this action *pro se* and that the Amended Complaint is not a model of clarity. As the Court has already observed, "[i]n a single pleading, Ritchie alleges wrongs committed by her mother, former employer, Maine Medical Hospital, and a host of other named defendants over a twenty-two-year period." *See* ECF No. 10. Below, LinkedIn recites only those factual allegations that appear to relate to Ms. Ritchie's claims against it.

unknown . . . [Ms. Keen] became motivated to slander [Ms. Ritchie] at work in the office." Ms. Ritchie further alleges that sometime between 2008 and 2015, she discovered that Ms. Keen had a LinkedIn[2] account "and was possibly using [it] to slander [Ms. Ritchie]." *Id.* ¶ 24; *but see id.* ¶ 71 (alleging that she discovered that Ms. Keen had a LinkedIn account "on or about 2010"). Ms. Ritchie asserts that Ms. Keen "slander[ed] [her] almost to death" and that "Linkedin recklessly provided the venue for Martha Keen" to do so, but that LinkedIn did not warn her of Ms. Keen's "malicious comments." *Id.* ¶ 24.

Ms. Ritchie's legal theory is not altogether clear. In Count IV—the only count that mentions LinkedIn—the Amended Complaint references purported claims for "Civil Rights, Perpetuating slander by providing venue." In the accompanying paragraphs, the Amended Complaint also vaguely alludes to the tort of negligence. *See, e.g.*, Am. Compl. ¶ 75 ("A reasonable and prudent person would recognize the dangers of gossip."); *id.* ¶ 76 ("As a direct and proximate cause of defendants actions, Keen was able to harm plaintiff[.]").

---

[2] LinkedIn is a prominent social media platform that allows users to build and maintain a professional network. "LinkedIn members, who maintain resume-like online profiles, utilize the website to view each other's profiles and to exchange messages." *Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1222, 1225 (N.D. Cal. 2014). As of this filing, LinkedIn has "more than 1 billion members in more than 200 countries and territories worldwide." *About LinkedIn*, LinkedIn, https://about.linkedin.com/?trk=homepage-basic_directory_aboutUrl (last visited Feb. 12, 2024).

At most, Ms. Ritchie appears to fault LinkedIn for "never warn[ing]" her of supposed statements that Ms. Keen made about Ms. Ritchie on LinkedIn. *Id.* ¶ 74. As relief, she seeks $500,000,000 in compensatory damages.

**B. Procedural history.**

Ms. Ritchie filed an initial Complaint on November 14, 2023. *See* ECF No. 1. On January 8, 2024, the Honorable Paula Xinis entered an Order recognizing that the initial Complaint "suffer[ed] from a basic lack of coherence" and "did not enumerate any causes of action by count . . . such that each defendant [would be] apprised of which allegations he or she is expected to answer." *See* ECF No. 10 at 2. Ms. Ritchie filed an Amended Complaint on February 5, 2024. LinkedIn now timely moves to dismiss that Amended Complaint.

## II.     Legal Standard

"A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint." *See Palma v. Montgomery County*, 598 F. Supp. 3d 288, 296 (D. Md. 2022) (Xinis, J.) (citing *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.* Thus, a complaint may not rest merely on naked assertions and conclusory statements. *See id.*

3

Dismissal is appropriate where "it is clear from the facts and allegations of the face of the complaint that the statute of limitations has run." *Winston v. U.S. Dep't of Educ.*, No. 22-01965-AAQ, 2023 WL 8452451, at *2 (D. Md. Dec. 6, 2023) (Quereshi, J.) (quoting *Litz v. Md. Dep't of the Env't*, 434 Md. 623, 641 (2013)); *see also Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) ("Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defense to the claims set forth therein, *dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense*." (emphasis added)). Moreover, "[d]ismissal *with prejudice* is proper if there is no set of facts the plaintiff could present to support [her] claim." *Felder v. Buonassissi, Henning & Lash, PC*, No. PJM 13-1741, 2013 WL 5550947, at *3 (D. Md. Oct. 4, 2013) (Messitte, J.) (emphasis added); *see also Woods v. WMATA*, No. PWG-18-3494, 2019 WL 3766508, at *1 (D. Md. Aug. 9, 2019) (Grimm, J.) (dismissing action with prejudice "given that Plaintiff already had the opportunity to amend"), *aff'd*, 785 F. App'x 188 (4th Cir. 2019).

*Pro se* pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th

4

Cir. 1985)). Moreover, "[t]he Court cannot act as a *pro se* litigant's 'advocate and develop, *sua sponte*, statutory and constitutional claims' that the litigant failed to raise on the face of the complaint." *Branch v. Machen*, No. 14-708, 2014 WL 6685497, at *2 (E.D. Va. Nov. 25, 2014) (quoting *Newkirk v. Circuit Court of Hampton*, No. 14-372–HEH, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014)).

### III. Argument

**A. Ms. Ritchie's claims are time-barred.**

Although presented in a single "count," Ms. Ritchie alludes to causes of action against LinkedIn for slander, negligence, and an unspecified "Civil Rights" violation. *See* Am. Compl. ¶¶ 70–76. Regardless, as the Court observed when it considered the viability of the initial Complaint, "because many of the factual allegations reach back as much as twenty-two years, most potential common law causes of action appear time barred." *See* ECF No. 10 at 2. Ms. Ritchie has not cured these limitations deficiencies in her Amended Complaint.

Under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise. Md. Code, Cts. & Jud. Proc. ("CJP") § 5-101. Notably, "[t]he statute of limitations applicable to actions for 'assault, libel, or slander' is one year." *Ford v. Douglas*, 144 Md. App. 620, 623 (2002) (quoting CJP § 5-105); *see also* ECF No. 10 at 2 (recognizing same). Because Maryland has adopted the "discovery rule," the limitations period begins to run "when the claimant knows or should know of the wrong." *Lumsden v. Design Tech Builders, Inc.*, 358 Md. 435, 445 (2000).

**Exhibit A**

It is clear from the face of the Amended Complaint that the facts on which Ms. Ritchie bases her purported claims against LinkedIn all occurred in the distant past, and that Ms. Ritchie had knowledge of those facts at the time. According to the Amended Complaint, "Between years 2008 to 2015 Plaintiff discovered that Keen had Facebook and Linkedin accounts and was possibly using them to slander Plaintiff." Am. Compl. ¶ 24 (emphasis omitted). Ms. Ritchie does not mention *any* facts related to LinkedIn that occurred *after* 2015.

Under Maryland's statute of limitations, Ms. Ritchie had to bring any claims against LinkedIn in 2018 at the very latest (and likely much earlier than that, particularly for her slander claim). She did not initiate this action until November 14, 2023. *See* ECF No. 1. Thus, at least as to LinkedIn, Ms. Ritchie asserts any potential claim much too late, and for this reason alone, LinkedIn should be dismissed from this action.

**B. Ms. Ritchie's claims are barred by the Communications Decency Act.**

Even if Ms. Ritchie's purported claims against LinkedIn were not barred by limitations, they are barred by the Communications Decency Act ("CDA"), 47 U.S.C. § 230. Through the CDA, "Congress [has] carved out a sphere of immunity from state lawsuits for providers of interactive computer services." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009). The CDA draws a firm distinction between *publishers* of content, on the one hand, and interactive computer service providers, on the other. *See* 47 U.S.C. § 230(c)(2) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."). And the CDA clarifies

6

that plaintiffs "may hold liable the person who creates or develops unlawful content, *but not the interactive computer service provider who merely enables that content to be posted online.*" *Nemet Chevrolet*, 591 F.3d at 254 (emphasis added).

Courts accord CDA immunity a "broad scope" and "aim to resolve the question of [CDA] immunity at the earliest possible stage of the case because that immunity protects websites not only from 'ultimate liability,' but also from 'having to fight costly and protracted legal battles.'" *Id.* at 254, 255 (citation omitted). The CDA immunizes a defendant if three elements are satisfied: (1) the defendant provides an "interactive computer service"; (2) the defendant did not provide the content at issue; and (3) the plaintiff seeks to treat the defendant as the publisher of the content. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 564 F. Supp. 2d 544, 548 (E.D. Va. 2008), *aff'd*, 591 F.3d 250 (4th Cir. 2009). The Court should dismiss LinkedIn from this action with prejudice because all three elements are satisfied here.

An interactive computer service is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). LinkedIn is an interactive computer service, and other courts have held that. *See Errato v. Am. Express Co.*, No. 3:18-1634 (VAB), 2022 WL 17737285, at *7 (D. Conn. Dec. 16, 2022); *Brooks v. Thomson Reuters Corp.*, No. 21-01418 (EMC), 2021 WL 3621837, at *12 (N.D. Cal. Aug. 16, 2021) ("[T]he CDA immunizes providers of an 'interactive computer service' (i.e. Facebook, Twitter,

Exhibit A

LinkedIn, etc.) from liability for content independently created or developed by third-party 'information content providers[.]'") (footnotes omitted).[3]

Additionally, the Amended Complaint does not allege that LinkedIn itself published, created, or developed any unlawful content. Rather, the Amended Complaint asserts that "Keen had Facebook and Linkedin accounts and was possibly using them to slander Plaintiff." Am. Compl. ¶ 24; *see also id.* ¶ 72. In other words, Ms. Ritchie seeks to hold LinkedIn, an interactive computer service, liable for content created by another person—*a theory of liability that is expressly foreclosed by the CDA*.

**C.  Ms. Ritchie has not stated a plausible claim for relief on the merits.**

Lastly, the Amended Complaint simply fails to plead facts sufficient to support any of the purported claims against LinkedIn.

Insofar as Ms. Ritchie seeks to bring a civil rights claim against LinkedIn, she has not referenced any state or federal law that would afford her relief. Ms. Ritchie also cannot seek relief against LinkedIn under 42 U.S.C. § 1983 because LinkedIn is not a state actor. *See Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 210 (4th Cir. 2007) ("Section 1983 imposes liability on anyone who, *acting under color of state law*, deprives

---

[3] *See also Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 n.6 (9th Cir. 2008) ("Today, the most common interactive computer services are websites."); *Sikhs for Just. "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1093 (N.D. Cal. 2015) (finding that Facebook is an interactive computer service), *aff'd*, 697 F. App'x 526 (9th Cir. 2017); *Morton v. Twitter, Inc.*, No. 20-10434-GW-JEMX, 2021 WL 1181753, at *3 (C.D. Cal. Feb. 19, 2021) ("Twitter is clearly an interactive computer service provider.").

Exhibit A

a person of any 'rights, privileges, or immunities secured by the Constitution and laws.'" (emphasis added) (quoting 42 U.S.C. § 1983)).

Insofar as Ms. Ritchie alleges defamation in the form of slander, the Amended Complaint fails to plead that LinkedIn "made a defamatory communication"—a required element to recover on a slander claim. *See Henderson v. Claire's Stores, Inc.*, 607 F. Supp. 2d 725, 730 (D. Md. 2009) (Davis, J.), *aff'd*, 422 F. App'x 269 (4th Cir. 2011)

And insofar as Ms. Ritchie attempts to state a negligence claim, she has not pleaded sufficient facts from which a reasonable factfinder could conclude that LinkedIn owed her any duty, much less that LinkedIn breached such a duty. *See Fid. First Home Mortg. Co. v. Williams*, 208 Md. App. 180, 198 (2012) (explaining that the elements of negligence are "duty, breach, causation, and damages").

For these reasons, too, LinkedIn should be dismissed with prejudice.

## IV.     Conclusion

For all the reasons above, Defendant LinkedIn Corporation respectfully requests that it be dismissed *with prejudice* from this action. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (affirming district court's dismissal with prejudice where "it [was] clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability").

**Exhibit A**

                Respectfully submitted,

/s/ Brandon K. Wharton
Jared S. Dvornicky (Bar No. 19157)
Brandon K. Wharton (Bar No. 30312)
Gallagher Evelius & Jones LLP
218 North Charles Street, Suite 400
Baltimore, Maryland 21201
Phone: (410) 727-7702 | Fax: (410) 468-2786
jdvornicky@gejlaw.com
bwharton@gejlaw.com

Date: February 20, 2024        *Counsel for Defendant LinkedIn Corporation*

10

**Exhibit A**